UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE PULIDO AND DALIA PULIDO *Plaintiffs,* | § § § | |
| v. | § | CASE NO. 7:17-cv-345 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND JESSICA KROMM *Defendants.* | § § § § § | |

DEFENDANT'S NOTICE OF REMOVAL

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby removes this lawsuit which is currently pending in the 430th Judicial District of Hidalgo County, Texas, Cause No. C-3764-17-J, to the United States District Court for the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

## I.
## BACKGROUND

1. On August 16, 2017, Plaintiffs filed their Original Petition styled *Jose Pulido and Dalia Pulido v. Allstate Vehicle and Property Insurance Company and Jessica Kromm*, in the 430th Judicial District of Hidalgo County, Texas, Cause No. C-3764-17-J, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy. *See Plaintiff's Original Petition*, Exhibit A.

2. Plaintiff's Original Petition asserts causes of action for breach of contract, violations of the Texas Insurance Code, breach of common law duty of good faith, fraud, and conspiracy to commit fraud. *Id.*

3. Plaintiff served Defendant Allstate with Plaintiff's Original Petition on August 21, 2017, by certified mail on its registered agent. *See Service of Process Transmittal,* Exhibit B.

4. Defendant is a resident of Alabama. Plaintiff sought to serve Kromm with Plaintiff's Original Petition by certified mail sent to a P.O. Box address in Dallas, Texas. The executed return of service is signed by an unknown individual, and is not signed by Defendant Kromm. *See Return of Service,* Exhibit C. Accordingly, Defendant Kromm has not yet been properly served. *Id*.

5. Defendant did not file an answer in State Court.

6. The State Court's Record Search including Case History for this matter is attached herein. *See State Court Case History Docket Sheet*, Exhibit D.

## II.
## GROUNDS FOR REMOVAL

7. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, Defendant would show the amount in controversy, exclusive of interest and costs exceeds $75,000.00, as evidenced by Plaintiff's Original Petition, Plaintiff's pre-suit demand, the subject policy, and the insured property.

### A. <u>Parties are Diverse</u>

8. Plaintiffs, Jose and Dalia Pulido, are natural persons who reside in Hidalgo County, Texas. *See Exhibit A*, p. 1. Plaintiffs have not pled any other facts of their residency, intention to leave Texas, or domiciles in other states. *Id.* Accordingly, Defendants assert that absent the same, Plaintiffs' citizenship at the time of the filing of the suit and at the time of removal is

properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

9. As to Allstate, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Allstate is a foreign corporation incorporated under the laws of the State of Illinois and its principal place of business is in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062. Accordingly, Allstate is a citizen of Illinois. *Id.*

10. Defendant Kromm is an adjuster. Kromm is not a resident of Texas, but a citizen of the State of Alabama. *See Exhibit E*. As stated above, a natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985). Accordingly, diversity of citizenship exists among the parties.

**B. <u>Amount in Controversy</u>**

11. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is “facially apparent” from the petition that the claim likely exceeds $75,000.00, or (2) “by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.” *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for

which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

a. *Plaintiffs' Petition and Estimate*

12. To determine the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against his insurance company).

13. Here, Plaintiffs' petition seeks to recover actual damages, three times actual damages, exemplary damages, treble damages, eighteen (18) percent interest per annum, compensatory damages, and reasonable and necessary attorney's fees. *See Exhibit A*, p. 10. Plaintiffs also provided a cost of repair estimate for damages resulting from the wind and/or hail storm in the amount of $59,517.90. *Exhibit F*. The potential amount of Plaintiffs' damages, when considering Plaintiff's estimate, potential exemplary and treble damages, and attorney's fees, will surely exceed $75,000.00.

14. Plaintiff's pleading includes a claim for relief, which states, in relevant part:

> "…Plaintiff seeks monetary relief, the maximum of which is below $75,000.00. **The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment interest at the highest legal rate."**
>
> *Exhibit A*, p. 11 (emphasis added).

15. While Texas Rule of Civil Procedure prohibits a plaintiff from declaring a specific amount in controversy, it is clear that Plaintiffs' pleading attempts to avoid federal jurisdiction with such language. However, Plaintiffs' pleading is insufficient in that regard as it expressly allows for recovery and a judgment in excess of $75,000.00, should a jury so determine. *See Id.*

The language of a pleading can serve as a binding stipulation only when the Plaintiffs indicate that Plaintiffs will neither seek nor accept an award in excess of the jurisdictional amount. *See Mokhtari v. Geovera Specialty Ins. Co.,* No. H-14-3676, 2015 WL 2089772, at *2; *Williams v. Companion Prop. & Cas. Ins. Co.*, No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013)(citing *De Aguilar v. Boeing*, 47 F.3d 1404, 1411-12 (5th Cir. 1995)); *Espinola-E v. Coahoma Chemical Co.,* 248 F.3d 1138 (5th Cir. 2001)(per curium)(unpublished) ("[A] binding stipulation that a plaintiff *will not accept* damages in excess of the jurisdictional amount defeats diversity jurisdiction…")(emphasis added). As established below, the amount in controversy clearly exceeds $75,000.

*b. Plaintiffs' Insurance Policy with Allstate*

16. To determine the amount in controversy, the court may consider "policy limits, penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Circ. 1998). In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit defined the "object of the litigation" as the "value of the right to be protected." *Id.* For claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim." *Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908, 911 (5th Cir. 2000).

17. Here, the subject homeowners' policy forms the contractual basis for Plaintiffs' breach of contract claim. *See Exhibit A,* p. 2. The policy provides the following limits of liability coverage to Plaintiffs' property at issue as follows:

- Dwelling – $163,403.00
- Other Structures – $16,341.00
- Personal Property – $98,042.00

*See Certified Policy, Exhibit G.*

18. It is this policy which serves as the basis of Plaintiffs' breach of contract claim. *See Noyla*, 2013 WL 3353963, at *3 (noting plaintiff's breach of contract claim facially implicated the limits of the policy). Accordingly, the limits for the dwelling alone, without combining with the additional applicable property coverages under the policy, implicate an amount in controversy above the $75,000.00 jurisdictional threshold.

c. *The Appraisal Value of Plaintiffs' Property*

19. Further indication of the value of the underlying claim is the value of the property in dispute. The insured property, identified as 2607 Fern Drive, San Juan, Texas 78589, in Plaintiffs' Original Petition, was appraised by the Hidalgo County Appraisal District at $110,991 for the 2016 tax year and $113,829 for the 2017 tax year. *See Exhibit H.*

20. Taking into consideration the ambiguous pleading, the policy limits applicable to this specific occurrence, the value of the subject property, the breach of contract claim directly asserted in the petition, as well as statutory penalties, attorney's fees, additional damages, and compensatory damages it is clear the amount in controversy exceeds $75,000.00.

## III.
## REMOVAL IS PROCEDURALLY PROPER

21. This notice of removal is timely filed within thirty (30) after service of process upon Defendants. *See* 28 U.S.C. §1441(b)(1).

22. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Hidalgo County, Texas, the place where the State Court suit was filed.

23. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

24. Pursuant to 28 U.S.C. §1446(d), Defendants will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Hidalgo County District Court.

25. Although Defendant Kromm has not been properly served, in abundance of caution by counsel, Defendant Kromm consents to this removal.

## IV.
## ATTACHMENTS

26. Pursuant to 28 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendants include with their notice of removal the following attachments, which are incorporated herein by reference:

- Civil Action Cover Sheet
- Exhibit A: Plaintiffs' Original Petition
- Exhibit B: Service of Process Transmittal
- Exhibit C: Return of Service (signed by unknown, non-party)
- Exhibit D: State court docket sheet
- Exhibit E: Texas Department of Insurance Agent Profile
- Exhibit F: Plaintiffs' estimate
- Exhibit G: Certified policy
- Exhibit H: Hidalgo County Appraisal District property records
- Exhibit I: Index of matters being filed
- Exhibit J: List of all counsel of record

WHEREFORE, Defendant Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

VALDEZ & TREVIÑO

By: /s/ Robert E. Valdez

**Robert E. Valdez**
State Bar No.20428100
S.D. Tex. Bar No. 9816
revaldez@valdeztrevino.com
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

*Attorney for Defendants Allstate Vehicle and Property Insurance Company and Jessica Kromm*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Texas Rules of Civil Procedure on September 11, 2017, in the manners prescribed below:

Larry Lawrence
LAWRENCE LAW FIRM
3112 Windsor Road, Ste. A234
Austin, Texas 78703
Lory Sopchak
CARTWRIGHT LAW FIRM
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056
*Counsel for Plaintiff*

/s/ Robert E. Valdez
Robert E. Valdez